UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

CARLOS VELASCO, :

Petitioner, :

- against - :

UNITED STATES OF AMERICA, :

Respondent. :

-------------------------------------------------------x

**REPORT AND RECOMMENDATION TO THE HONORABLE JED S. RAKOFF**

06 Cr. 581 (JSR)
10 Civ. 5059 (JSR) (FM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 12/30/10

**FRANK MAAS**, United States Magistrate Judge.

In this proceeding pursuant to 28 U.S.C. § 2255, pro se petitioner Carlos Velasco ("Velasco") challenges his plea of guilty to one count of conspiracy to distribute, and possess with intent to distribute, one kilogram or more of heroin, in violation of 21 U.S.C. § 846. This charge arose out of Velasco's agreement with another individual to pick up a suitcase containing heroin that had been transported from Venezuela to the United States. (See ECF No. 8 ("Resp't's Mem.") at 2). On January 26, 2007, Velasco entered his plea of guilty. (See No. 06 Cr. 581, ECF No. 18). Thereafter, on July 19, 2007, Your Honor sentenced Velasco to seventy months' imprisonment. (See id., ECF No. 31).

In his petition, as amended, Velasco seeks to vacate, set aside, or correct his sentence. He alleges that (1) his sentence "is now being confronted by discriminatory separation of law in violation of [his] constitutional rights to be treated under the

protection of equality," and (2) his counsel's failure to seek a reduction of his sentence due to his alleged "minor participation" in the conspiracy constituted ineffective assistance of counsel. (ECF No. 5 ("Pet'r's Am. Mot.") at 5). Your Honor referred the case to me for a report and recommendation on July 6, 2010. (ECF No. 4). Thereafter, on August 18, 2010, I directed that the United States Attorney respond to Velasco's motion by October 15, 2010 and that Velasco submit any reply papers by November 12, 2010. (ECF No. 6 ("August 18 Order")). The Government timely filed its papers, (see ECF No. 8), but Velasco has not submitted any reply.

For the reasons set forth below, Velasco's motion should be dismissed on statute of limitations grounds.

I. Background

A. Guilty Plea and Sentencing

On January 26, 2007, Velasco entered into a plea agreement with the Office of the United States Attorney for the Southern District of New York. (See Resp't's Mem. Ex. A ("Agreement")). The Agreement, which Velasco signed, outlined the offense with which Velasco was charged and the possible sentencing consequences of pleading guilty. (Id. at 1-3).

Pursuant to the Agreement, the parties stipulated that Velasco's United States Sentencing Guidelines ("Guidelines") Offense Level was 27, his Criminal History Category was I, and his Guidelines sentencing range was 70 to 87 months. (Id. at 2). The Agreement also noted that "Title 21, United States Code, Section 841(b)(1)(A) require[d]

a statutory minimum term of imprisonment of 120 months." (Id.). Velasco further agreed that he would neither appeal nor otherwise challenge any sentence that fell within or below the stipulated Guidelines sentencing range. (Id. at 4).

On the day that he signed the Agreement, Velasco entered his guilty plea. (See Resp't's Mem. Ex. B (Tr. of guilty plea on Jan. 26, 2007) ("P.")). During this proceeding before Magistrate Judge Gabriel W. Gorenstein, Velasco confirmed that both the indictment and the Agreement had been translated into Spanish for him; that he had discussed his case with his counsel, Thomas Ambrosio, Esq.; that those discussions were adequate; and that he was satisfied with his counsel's services. (Id. at 4, 7-8). Velasco also stated that no one had coerced him to plead guilty or made any promises to him apart from those set forth in the Agreement. (Id. at 7-8). Velasco then detailed his role in the crime charged. (Id. at 11). Judge Gorenstein recommended the acceptance of Velasco's guilty plea to Judge Richard C. Casey, to whom the case then was assigned. (Id. at 12).

After Judge Casey's untimely death, Velasco's case was reassigned to Your Honor. (No. 06 Cr. 581, ECF No. 23). Thereafter, Your Honor accepted Velasco's guilty plea on April 13, 2007. (Id., ECF No. 22).

On July 19, 2007, Your Honor sentenced Velasco to seventy months' imprisonment. (See id., ECF No. 31). The judgment was entered on July 24, 2007. (Id., ECF No. 28). Thereafter, on August 10, 2007, Velasco filed a notice of appeal. (See id., ECF No. 29). Howard M. Simms, Esq., Velasco's court-appointed appellate counsel, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), on or about December

14, 2007. (See Resp't's Mem. at 10). Having reviewed the record, Mr. Simms concluded that Velasco had no non-frivolous issues to raise on appeal. (See id.).

On December 28, 2007, the Government moved to dismiss Velasco's appeal. (See id.). The Second Circuit granted that motion by order dated March 20, 2008, and the mandate issued on April 11, 2008. (No. 06 Cr. 581, ECF No. 39).

B. Procedural History

On April 19, 2010, the Court received a motion, dated April 14, 2010, pursuant to which Velasco sought "reconsideration" of his sentence under Fed. R. Civ. P. 60(b)(6). (ECF No. 2). The stated ground for this motion was that Mr. Ambrosio allegedly failed to advise Velasco of the deportation consequences of his guilty plea.[1] By order dated June 16, 2010, Your Honor determined that Velasco's Rule 60 motion should be adjudicated pursuant to 28 U.S.C. § 2255 ("Section 2255"). (ECF No. 3 at 3). Accordingly, the order directed Velasco to submit to the Pro Se Office, within sixty days, an amended motion to vacate, set aside, or correct his sentence under Section 2255. (Id. at 4). The order also required that, in any such amended motion, Velasco "allege facts demonstrating why this action is timely" or why he is entitled to equitable tolling. (Id. at 5). Finally, Your Honor expressly cautioned Velasco that his amended motion would "completely replace, not supplement, his original motion" and that "any claims from his

[1] During Velasco's guilty plea, however, Magistrate Judge Gorenstein expressly advised Velasco that his conviction on the narcotics conspiracy charge would "have consequences for [his] ability to remain in the United States and . . . subject [him] to deportation." (P. 6). Velasco responded that he understood. (Id.).

original motion that [he] wishe[d] to preserve must be included in his amended motion." (Id.).

On July 15, 2010, the Pro Se Office received Velasco's amended motion, which is dated July 9, 2010. (ECF No. 5). In his amended motion, Velasco asserts two grounds for relief: (1) that his sentence "is now being confronted by discriminatory separation of law in violation of [his] constitutional rights to be treated under the protection of equality," and (2) that he "could have received a much lesser sentence" had his counsel filed "a motion for minor participation" during the criminal proceeding. (Pet'r's Am. Mot. at 5). Contrary to Your Honor's directives, Velasco's amended motion does not allege any facts regarding the timeliness of his motion, nor does it seek equitable tolling of the statute of limitations.

## II. Discussion

### A. Section 2255

Section 2255 controls Velasco's right to collateral relief. The first sentence of that statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Relief under this statute may be based only on "constitutional error . . . or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Among the reasons for circumscribing relief in this manner are "a respect for the finality of criminal sentences, the efficient allocation of judicial resources, and an aversion to retrying issues years after the underlying events took place." Id.

B. Statute of Limitations

A motion pursuant to Section 2255 must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In his amended motion, Velasco has not alleged any facts to support the application of subsections (2), (3), or (4). Thus, Velasco has not asserted that unlawful government action prevented him from filing his motion, nor has he identified a newly-recognized right that retroactively applies to his case,[2] or set forth newly-discovered (or newly-discoverable) facts that warrant relief.

Accordingly, subsection (1) is the only provision of Section 2255(f) applicable to this case. For Velasco's petition to be found timely under subsection (1), it must have been filed within one year after "the date on which the judgment of conviction [became] final." Id. "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005).

Here, Velasco did not file a petition for certiorari after the Second Circuit dismissed his direct appeal on March 20, 2008. His conviction therefore became final ninety days later on June 18, 2008, when his time to file a petition for certiorari expired. See Supr. Ct. R. 13(1), (3) (petition for certiorari must be filed ninety days after entry of judgment by court of appeals (without regard to date that the mandate issues)).

---

[2] Velasco's original motion sought relief on the basis of the Supreme Court's recent decision in Padilla v. Kentucky, 130 S. Ct. 1473 (2010), which held that defense counsel's failure to inform a client of the deportation consequences of a guilty plea is per se ineffective assistance of counsel. There is no need to determine whether this rule applies retroactively under subsection (3) of Section 2255(f) because Velasco's amended motion abandons his failure-to-advise claim.

Accordingly, pursuant to Section 2255(f)(1), the statute of limitations for Velasco to file his motion began running on June 18, 2008, and expired one year later on June 18, 2009.[3] Even if the Court were to treat April 11, 2008, the date the mandate issued, as the start of the period in which Velasco had to seek certiorari, his conviction would have become final by July 10, 2008, thereby requiring him to file his motion by July 10, 2009.

Assuming that Velasco's amended motion relates back to the date that he filed his Rule 60 motion and that he is entitled to the application of the prison mailbox rule, see Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001); Adeline v. Stinson, 206 F.3d 249, 251 n.1 (2d Cir. 2000), April 14, 2010, is the earliest date that could be considered the filing date of Velasco's Section 2255 motion. Even that date, however, would render Velasco's motion untimely since it is at least nine months after the statute of limitations expired.

Moreover, Velasco has not alleged any facts suggesting that the limitations period should be equitably tolled. See Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003) (equitable tolling requires a showing that, despite petitioner's "reasonable diligence," "extraordinary circumstances" prevented timely filing of petition). Indeed, he

---

[3] The Government mistakenly calculates the end date of the ninety-day period as June 20, 2008 and, consequently, also miscalculates the expiration date of the one-year limitations period as June 20, 2009. (See Resp't's Mem. at 12 & n.2).

has not responded in any way to the Government's application for dismissal of his motion.[4]

In sum, because Velasco did not timely file his Section 2255 motion within the one-year limitations period and has shown no basis for equitable tolling, his motion should be dismissed as time-barred.

III. Conclusion

For the foregoing reasons, Velasco's motion to vacate, set aside, or correct his sentence should be dismissed as untimely.

IV. Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Rakoff. The failure to file these timely objections will result in a waiver of those objections for

---

[4] Although it is the practice of my Chambers to send orders to incarcerated prisoners by certified mail, I have been unable to find proof that Velasco was served with a copy of my August 18 Order. I note that Velasco has been sent a copy of this Report and Recommendation and will have fourteen days to bring to Your Honor's attention any information he deems relevant to the Government's application to dismiss this proceeding.

purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

Dated: New York, New York
December 30, 2010

FRANK MAAS
United States Magistrate Judge

Copies to:

Carlos Velasco
No. 70115-054
McRae Correctional Facility
P.O. Box Drawer 30
McRae, Georgia 31055
[Via Certified Mail]

Jillian B. Berman
Assistant United States Attorney
United States Attorney's Office
Fax: (212) 637-2387